

TAGLaw International Lawyers

**Benjamin LaFrombois, Esq.**
Direct Telephone
920-233-4704
blafrombois@vonbriesen.com

July 16, 2020

**VIA ECF**

Hon. William C. Griesbach
Eastern District of Wisconsin
Jefferson Court Building
125 S. Jefferson Street, Room 203
Green Bay, WI 54301-4541

      RE:    Convergen Energy WI, LLC, et al. v. Convergen Energy LLC, et al.
              Eastern District Case No.: 20-cv-823
              Response to Defendants' Motion to Transfer Venue

Dear Judge Griesbach:

This letter shall serve as Convergen Energy WI, LLC's and Theodore Hansen's ("CE-Wisconsin") response to Defendants' Motion to Transfer Venue filed in the above-captioned matter.

In addition to this matter, there are three other cases pending in two other venues related to the case at bar. Those matters include an American Arbitration Association case venued in Madison, Wisconsin (Case Number: 01-20-0005-5043), and two cases in the Southern District of New York (Case Nos. 20CV3746 and 20CV5240). The two SDNY cases have been associated with one another, and both are currently pending before Judge Lewis J. Liman.

Plaintiffs in SDNY Case No. 3746 (defendants in this case) have filed a motion to stay the pending arbitration in Madison. Tomorrow, CE-Wisconsin, along with certain other defendants in New York, will file a motion to dismiss the entirety of SDNY Case No. 3764. Both motions will be decided by Judge Liman and, between the two, should provide a resolution of issues related to the proper venue for the dispute.

CE-Wisconsin acknowledges that Judge Liman will be in a position to make a comprehensive ruling as to venue; CE-Wisconsin does not concede that these circumstances warrant a transfer of this action at this time. Rather, CE-Wisconsin submits that the most prudent course is for this Court to stay this action, pending Judge Liman's decision in New York.

The reason a stay makes the most sense is because one potential conclusion is that Judge Liman may find that the appropriate venue is actually this Court. If that is the conclusion, then the case would need to be transferred back. Moreover, practically speaking, even if the above-captioned case were

transferred to the SDNY there would be no action on it until the motions related to venue are decided. As a result, there is no need for this Court to take any action on the motion to transfer until after Judge Liman resolves the issues relating to venue and jurisdiction. Further, a stay would also mean that the greater number of potential parties would have been heard on matters of venue and jurisdiction through the briefing to be made in SDNY Case No. 3746. At that point, the proper course of action will be clear.

This course of action eliminates the risk of inconsistent decisions between the two courts, but at the same time serves considerations of judicial economy. For these reasons, CE-Wisconsin respectfully requests that the above-captioned case should be stayed in the EDWI until such time as the SDNY venue issues are resolved.

Very truly yours,

von BRIESEN & ROPER, s.c.

Benjamin LaFrombois, Esq.

BDL:sf

cc: R. George Burnett, Law Firm of Conway, Olejniczak & Jerry, S.C. (via ECF)